JAMES S. HAZARD *vs.* DAVID ALBRO, *et al.*

Public Statutes R. I. cap. 236, § 1, is broader in scope than the 4 & 5 Anne, cap. 16, and makes a tenant in common who receives more than his share of benefit from the common property, *ipso facto,* a bailiff of his cotenant for the excess, so far as maintaining an action of account is concerned.

ACCOUNT. On demurrer to plea.

*Providence, November* 22, 1890. DURFEE, C. J. This is an action of account by the plaintiff as executor of the will of Mary C. Hazard, deceased, against David and Isaac Albro, the defendants. The declaration alleges that between March 5, A. D. 1889, and March 5, A. D. 1890, the testatrix and the defendants were equally seized as tenants in common of a farm of one hundred and forty acres, in Middletown, duly described, and that the defendants during said time took, received, and had the benefit of all said farm, and ought to have accounted to the testatrix in respect of one third part of rents, profits, and avails thereof, but have denied any share to her and to the plaintiff as her executor, and have refused to account for the same. To this the defendant, David Albro, pleads "that he did not occupy and receive the rents, income, and profits of the premises described in the plaintiff's declaration, or any part thereof, with the said Isaac Albro named as his codefendant in the plaintiff's said action, as is by the said plaintiff alleged." The plaintiff demurs to the plea.

We think the plea is bad under Pub. Stat. R. I. cap. 204,

§ 31.[1]   The demurrer, however, reaches back to the first fault, and said defendant contends that the declaration is bad, because an action of account can only be maintained against a bailiff, and one tenant in common is not bailiff for another, unless so constituted by the other. This was so at common law. 1 Instit. 200, b; Freeman on Cotenancy & Partition, § 269. The action here is brought, not at common law, but under our statute. Pub. Stat. R. I. cap. 236, § 1.[2]   The defendant contends that said statute is in substance only the statute of 4 & 5 Anne, cap. 16, and that under the statute of Anne the action does not lie against one tenant in common, receiving more than his share of rents, income, and profits, in favor of the other, unless he has received the excess as bailiff for the other, appointed to be such by the other; and, as authority for this point, cites *Sargent* v. *Parsons*, 12 Mass. 149. In that case the action was not regarded as brought under the statute, but was treated as a common law action of account. The court said that it was unnecessary to decide whether the statute of Anne was in force in Massachusetts, since it would not help the plaintiff if it was, because, *first*, the defendant had not been charged with having received rents and profits otherwise than by his occupancy, and, *second*, the declaration did not allege the par-

---

[1] As follows : —

SECT. 31. Whenever, in any action, the plaintiff is in doubt as to the person from whom he is entitled to recover, he may join two or more defendants with a view of ascertaining which, if either, is liable, and the plaintiff shall recover only against such of the defendants as may be liable therein, and such as are not liable shall recover their costs.

[2] As follows : —

SECT. 1. Whenever two or more persons have and hold any estate, interest, or property, whether real or personal, in common, as joint tenants, tenants in common, coparceners, or joint owners, and one or more of the owners of such common property shall take, receive, use, or have benefit thereof, in greater proportion than his or their interest therein, such owner or owners, his or their executors and administrators, shall be liable to render his or their account of the use and profit of such common property to his or their fellow commoner or commoners, jointly or severally ; and such the fellow commoner or commoners, or any or either of them, their executors or administrators, shall have his or their action of account against such receiver or receivers, or either of them, as his or their bailiff or bailiffs, for receiving more than his or their part or proportion, as aforesaid.

ticular circumstances necessary to give the action under the statute. The court thus put the statute out of the case, and did not decide that, under it, it was necessary for the defendant to be the plaintiff's bailiff appointed by the plaintiff. It intimated the contrary. We find no case that sustains the defendant's contention. The statute makes the tenant in common who receives more than comes to his just share, *ipso facto*, bailiff for his cotenant for the excess, so far as necessary for the maintenance of the action. *Henderson v. Eason*, 17 Q. B. 701, 708; *Eason v. Henderson*, 12 Q. B. 986, 993; *Sturton v. Richardson*, 13 M. & W. 17. Our statute is broader in its application than the statute of Anne as interpreted by the English courts, and has been held to create a liability to account even where there have been no actual receipts. *Knowles, Administrator*, v. *Harris & Lippitt*, 5 R. I. 402.

The demurrer to the defendant, David Albro's plea, is sustained, and the plea overruled.

*Samuel R. Honey*, for plaintiff.

*William P. Sheffield*, for defendants.